IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:95-CR-83-1-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| MICHAEL HARDISON | ) | |

This cause comes before the Court following a revocation hearing on May 30, 2014, at Raleigh, North Carolina wherein the Court imposed a sentence of sixty months' imprisonment after finding that defendant had violated the conditions of his term of supervised release.

In November 2013, defendant appeared before the Court on a motion for revocation of supervised release by the United States Probation Office for using a controlled substance. After a lengthy colloquy with defendant, the Court found that defendant had violated the terms of his supervision but denied the motion for revocation and continued defendant on the previously imposed terms of supervised release. [DE 378]. Just five months later, the instant motion for revocation of supervised release was filed based on defendant's engagement in criminal conduct. Specifically, defendant was charged in Cumberland County with possession with intent to sell/deliver cocaine, maintaining a vehicle/dwelling/place for controlled substance, manufacture of cocaine, possession of a firearm by a felon, and manufacture, sale, delivery, or possession of a controlled substance within 1000 feet of a school. After hearing evidence from the investigating police officer, the Court found that defendant had violated the terms of his supervised release and that his supervised release should be revoked.

In imposing sentence on the revocation, the Court has considered that the criminal conduct

with which defendant is now being charged is the same or similar to the conduct charged in the underlying conviction in this matter, that is the sale of illegal narcotics and possession of a firearm, that a lengthy sentence is required in order to afford adequate deterrence to this defendant, who has demonstrated that neither his prior conviction and sentence of 204 months' imprisonment nor this Court's leniency in permitting him to continue on supervision following his use of a controlled substance were sufficient to cause him to refrain from engaging in the sale of illegal narcotics, and that such a sentence will provide sufficient protection for the public from this defendant, who the arresting officer testified is again a known drug dealer in the Fayetteville area. *See* 18 U.S.C. § 3553(a). The Court has further considered the arguments by defendant's counsel presented in mitigation, and finds that they do not outweigh the need for adequate deterrence and protection of the public. Indeed, counsel's argument that defendant has been on supervision for four years with only one earlier violation is strongly undercut by the testimony of the investigating officer that this defendant was a known drug dealer in a high crime area.

For these reasons, as well as those announced from the bench at the hearing, the Court finds that a revocation sentence of sixty months' imprisonment is sufficient but not greater than necessary to achieve the goals of sentencing.

SO ORDERED, this 30 day of May, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2